UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD H. RUEBE et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 18 C 1192 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| PARTNERRE IRELAND INSURANCE ) | |
| DAC. et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Richard Ruebe ("Reube"), Jeffrey Lemajeur ("Lemajeur"), Vincent Kwasniewski ("Kwasniewski"), and Neal Jakel ("Jakel") (collectively, "Plaintiffs") bring this insurance coverage action against PartnerRe Ireland Insurance dac. ("PartnerRe"), ANV Corporate Name Limited ("ANV"), Axis Specialty Europe SE ("Axis"), and Navigators Underwriting Agency Limited ("Navigators") (collectively, "Defendants"). (R. 13, Am. Compl.) Plaintiffs claim that Defendants breached their contractual duty to provide insurance coverage for claims related to a minority shareholder lawsuit pending in Illinois state court. (*Id.* ¶¶ 55-96.) AXIS and Navigators move to dismiss several of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 29, Mot. at 10.) For the reasons set forth below, however, the Court declines to rule on the merits of the motion and instead dismisses this case for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiffs are former managers of Illinois River Energy Holdings, LLC ("IREH"), a limited liability company that operates an ethanol plant in Rochelle, Illinois. (R. 13, Am. Compl.

¶¶ 4-7, 25; R. 13-1 at 6, Insurance Application.[1]) Ruebe was IREH's Chief Executive Officer, Lemajeur was IREH's Chief Financial Officer, Kwasniewski was IREH's Chief Operating Officer, and Jakel was IREH's General Manager. (R. 13, Am. Compl. ¶¶ 4-7.)

On February 16, 2014, Sinav Limited ("Sinav")—IREH's parent corporation—purchased directors' and officers' ("D&O") liability insurance for the benefit of Sinav and its subsidiaries, including IREH. (*Id.* ¶¶ 17-19.) The insurance policies covered the period from February 16, 2014, through February 16, 2015, and they provided three distinct layers of D&O insurance coverage to IREH's former directors and officers. (*Id.* ¶ 18.) The first layer of insurance had a liability limit of $5 million, and the insurer for that policy was Lloyd's Syndicate 2003 SJC. (*Id.* ¶ 19.) Plaintiffs allege that the insurers under the second layer policy were Defendants ANV and PartnerRe.[2] (*Id.* ¶ 20.) The second layer of insurance gave IREH an additional $10 million in coverage and is triggered once the first layer's coverage limit is exhausted. (*Id.*) Plaintiffs aver that the third layer of insurance coverage was provided by Defendants Axis and Navigators "for and on behalf of the Underwriting Members of Syndicate 1221 at Lloyd's for the 2014 Year of Account." (*Id.* ¶ 21.) The third layer policy provided an additional $10 million in coverage that is triggered when the coverage limits for the first and second layers of insurance are exhausted. (*Id.*)

On May 20, 2014, IREH's minority shareholders filed a class action lawsuit in Illinois state court against the Plaintiffs (the "Underlying Action"). (R. 13, Am. Compl. ¶¶ 24-26.) The

---

[1] Plaintiffs attach several exhibits to the amended complaint, which include an insurance application submitted by IREH's parent corporation, the insurance policies at issue, and correspondence with Defendants about the insurance policies. (*See generally* R. 13-1, Exhs. to Am. Compl.)

[2] The exhibit attached to the amended complaint that Plaintiffs identify as the second layer insurance policy notes, however, that the insurers under the policy were PartnerRe and "Lloyd's Syndicate 1861 ANV." (R. 13-1 at 116, Second Layer Policy.) This is demonstrated by language in the policy providing that an insurance broker named R K Harrison Group Ltd is holding the "monies relating to" the second layer insurance contract "as agent of . . . insurer[]" Lloyd's Syndicate 1861 ANV. (*Id.*)

2

Underlying Action claims that Plaintiffs breached IREH's limited liability company agreement and their fiduciary duties to minority shareholders when they—as managers of IREH—approved a buyout of the minority shareholders' shares for a price per share that was too low. (*Id.*) The claimed damages in the Underlying Action are allegedly between $44 million and $64 million. (*Id.* ¶ 26.) Plaintiffs deny all the claims against them in the Underlying Action. (*Id.* ¶¶ 27-28.)

Plaintiffs tendered the Underlying Action to their insurers, demanding defense and indemnity under the insurance policies. (*Id.* ¶¶ 37-50.) The insurer for the first layer complied, but Defendants allegedly denied any obligation to provide coverage under the second and third layer policies. (*Id.* ¶¶ 34-50.) Complaining that their defense costs will soon exceed the liability limits for the first layer policy, Plaintiffs brought this action against Defendants for declaratory judgment, anticipatory breach of contract, breach of contract, and bad faith denial of coverage pursuant to Illinois law. (R. 23, Am. Compl. ¶¶ 55-96.) On June 27, 2018, Axis and Navigators filed the present motion to dismiss for failure to state a claim. (R. 29, Mot. at 4-10.) Plaintiffs filed a response in opposition to the motion, and Defendants filed a reply. (R. 47, at 2-12; R. 48, Reply.)

## ANALYSIS

As a preliminary matter, the Court is obligated to *sua sponte* consider whether it has subject-matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). Indeed, "it is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits[.]" *Scott Air Force Base Props.,*

3

*LLC v. Cty. of St. Clair*, 548 F.3d 516, 520 (7th Cir. 2008) (citation omitted)). "Without jurisdiction the court cannot proceed at all in any cause," and "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted); *see also Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) ("[T]he district court may have committed error by addressing the merits after concluding that it did not have jurisdiction to hear the case.").

As this Court has previously observed, "[T]he Seventh Circuit has over the years unflinchingly policed the bounds of subject-matter jurisdiction under" Section 1332(a) and has "vacated judgments on the merits—with instructions to dismiss for want of jurisdiction—when diversity was not properly alleged or the parties were not actually diverse." *Montgomery v. Markel Int'l Ins. Co. Ltd.*, 259 F. Supp. 3d 857, 868 (N.D. Ill. 2017). This is because "[o]verlooking jurisdictional defects" early on in a case "could potentially lead to an extraordinary waste of federal judicial resources." *Id.* at 870. With these principles in mind, the Court declines to rule on the merits of Axis' and Navigators' motion to dismiss because subject-matter jurisdiction has not been established. *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017) ("A court must have the power to decide the claim before it (subject-matter jurisdiction) . . . before it can resolve a case.").

Plaintiffs rely on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) to litigate this case in federal court. (R. 13, Am. Compl ¶¶ 12-14.) For this Court to have jurisdiction under Section 1332(a), there must be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). This means that no plaintiff may be a citizen of the same state as any defendant. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). To establish diversity jurisdiction, Plaintiffs cannot

4

"merely allege diversity of citizenship without identifying the defendants' states of citizenship." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018). In deciding whether there is subject-matter jurisdiction, the Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in Plaintiffs' favor. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). Plaintiffs' well-pleaded allegations, however, must plausibly give rise to a basis for exercising subject-matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

For individuals such as Plaintiffs, "[c]itizenship means domicile (the person's long-term plan for a state of habitation)[.]" *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). The amended complaint clearly conveys the citizenship of Plaintiffs: Reube is domiciled in Texas, Lemajeur and Kwasniewski are domiciled in Illinois, and Jakel is domiciled in Iowa. (R. 13, Am. Compl. ¶¶ 4-7.) Plaintiffs, however, provide little clarity as to the citizenship of each Defendant and, as a result, fail to plausibly allege subject-matter jurisdiction. *See Silha*, 807 F.3d at 174.

For example, Navigators is named as a party "for and on behalf of the Underwriting Members of Syndicate 1221 at Lloyd's." (R. 13, Am. Compl. ¶ 10.) Plaintiffs are suing Navigators to enforce the provisions of the third layer policy, and the insurer under that policy includes the entire Lloyd's syndicate of which Navigators is a member. *See Montgomery*, 259 F. Supp. 3d at 864 ("[S]o-called 'Lloyd's' insurance is actually underwritten by one or more 'syndicates[.]'"); *In re Lloyd's Am. Tr. Fund Litig.*, No. 96 CIV. 1262 (RWS), 1998 WL 50211, at *3 (S.D.N.Y. Feb. 6, 1998) ("When a Name underwrote 'American Business', the premiums he or she would eventually receive were to be deposited with Citibank into a trust fund for that Name to pay any claims arising under the American Business."). The real parties in interest in

5

this case, therefore, are all the members or "names" of the syndicate that underwrote the third layer policy and not just Navigators who is a Defendant in a representative capacity. *See Int'l Ins. Co. v. Certain Underwriters at Lloyd's London*, No. 88 C 9838, 1991 WL 693319, at *5-9 (N.D. Ill. Sept. 16, 1991) (ruling that "managing underwriters" of a Lloyd's syndicate are not real parties in interest with respect to the claims of other members in a Lloyd's syndicate that they are representing in a lawsuit); *see also Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 321 (7th Cir. 1998), *on petition for reh'g*, 141 F.3d 314 (1998) (noting that "London Market Insurers are mistaken in thinking that the Supreme Court's cases treating unincorporated associations as citizens of every state of which any member is a citizen may be avoided by suing one partner or member as a 'representative' of the rest."). It is the citizenship of all the real parties in interest—not just Navigators—that "is determinative when deciding whether the district court has diversity jurisdiction." *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000); *see also Int'l Ins. Co.*, 1991 WL 693319, at *9 ("[W]hen persons having actual interests in a controversy are represented by an individual who likewise has an interest, the representative party will be deemed to . . . have the citizenship of each person he represents.").

Thus, to plead diversity jurisdiction in this action involving a Lloyd's syndicate, Plaintiffs must plead the citizenship of every member or "name" of the syndicate. *See Montgomery*, 259 F. Supp. 3d at 865 ("This Court concludes that in order to establish diversity of citizenship as to a Lloyd's underwriting syndicate, the citizenship of every participating Name must be affirmatively alleged."); *see also Ind. Gas Co.*, 141 F.3d at 318-19; *Intra Am. Metals, Inc. v. Certain Underwriters at Lloyd's London*, No. 1:13-CV-01117-SEB, 2014 WL 545899, at *3 (S.D. Ind. Feb. 7, 2014) ("[T]o establish our subject-matter jurisdiction over this case, Defendant must . . . set forth the citizenship of all 'names' subscribed to Syndicate 958—the group of

6

Lloyd's members that issued the policy[.]"). This is because Lloyd's syndicates are treated like partnerships for purposes of diversity jurisdiction, and partnerships are citizens of every jurisdiction of which any partner is a citizen. *Ind. Gas Co.*, 141 F.3d at 316, 319. Plaintiffs, however, only allege the citizenship of Axis and Navigators and not the citizenship of every member of the Lloyd's syndicate that are insurers pursuant to the third layer policy. (R. 13, Am. Compl. ¶¶ 10-11, 13.) Plaintiffs fail to plausibly allege the citizenship of every member of the Lloyd's syndicate; therefore, Plaintiffs fail to sufficiently plead subject-matter jurisdiction. *See Montgomery*, 259 F. Supp. 3d at 865; *Intra Am. Metals, Inc.*, 2014 WL 545899, at *3.

The same jurisdictional defect applies to the Defendants that underwrote the second layer policy. Although Plaintiffs name PartnerRe and ANV as the Defendants who have failed to provide coverage, (R. 13, Am. Compl. ¶ 20), the second layer policy lists PartnerRe and "Lloyd's Syndicate 1861 ANV" as insurers that bear the risk under the policy. (*See* R. 13-1 at 116, Second Layer Policy.) To the extent that Lloyd's Syndicate 1861 ANV provided coverage, all its members are real parties in interest in this insurance coverage lawsuit. *See Montgomery*, 259 F. Supp. 3d at 864; *Int'l Ins. Co.*, 1991 WL 693319, at *5; *Atrium 5 Ltd. v. Butchee*, No. 16-CV-00003-SMY-RJD, 2017 WL 325646, at *3 (S.D. Ill. Jan. 5, 2017) ("Atrium does have an individual stake in this litigation, but as previously discussed, its suit seeks relief on behalf of a group. These principles counsel attention to *all* the members of a syndicate, not just that which has chosen to bring suit."). Plaintiffs, however, do not allege the citizenship of every member or name within Lloyd's Syndicate 1861 ANV and instead only allege the citizenship of PartnerRe and ANV. (R. 13, Am. Compl. ¶¶ 8-9.) The Court, therefore, dismisses this case without prejudice for lack of subject-matter jurisdiction because Plaintiffs fail to plausibly allege that the parties are diverse. *See Montgomery*, 259 F. Supp. 3d at 864-70.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: December 21, 2018**