# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD RUEBE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 18 C 1192 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| PARTNERRE IRELAND INS., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a motion to compel continuation of the deposition of Anthony Carparelli, which they suspended after about 4 hours of questioning on November 5, 2019. [Dkt. #107]. They ask that the deposition be continued with Mr. Carparelli's personal counsel and that counsel for plaintiffs be excluded, that the transcript be sealed (it already was [Dkt. # 111]) and for an extension of time to complete the deposition, as discovery closed December 13, 2019. [Dkt. #106].[1] The motion is denied for the following reasons.

---

[1] It should be noted that Mr. Carparelli testified early on that counsel for his employer, Mr. Maier, was representing him at the deposition and that he was not his personal lawyer. (Deposition Trans., at 10). Mr. Maier also notified defendants of his representation of both Mr. Carpelli and IREH for the purposes of the deposition months earlier. Mr. Carpelli also testified early on that, in addition, he had prepared with his personal lawyer, Mr. Turner. (Deposition Trans., at 12). So defendants had the facts, and whatever apparent complications those might illuminate, at their fingertips at least four hours before they terminated the deposition. Moreover, although they concede that they suspected who the whistleblower was, they did not get around to raising questions about that until shortly before they terminated the deposition, at which time, testimony proceeded without objections until questioning touched on discussions Mr. Carparelli had with counsel. (Deposition Trans., at 103-106).

Discussions with one's counsel certainly would appear to be privileged. *United States v. Bey*, 772 F.3d 1099 (7th Cir. 2014). *See also* discussion and cases cited in *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, No. 17 C 1973, 2018 WL 1804350, at *2 (N.D. Ill. 2018).

First, the motion does not comply with Local Rule 37.2. Under the Local Rule, the court will "refuse to hear any and all motions for discovery . . . unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation." N.D.Ill.L.R. 37.2.

While the motion claims the parties engaged in a "meet and confer process", the only exchange between counsel, according to defendants' "statement", consisted of two emails. [Dkt. # 107, at 6-7]. That does not comply with the rule which clearly requires conference in person or by telephone. The requirements of the local rule are not met by letters or emails. *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 343 F. Supp. 3d 742, 744 (N.D. Ill. 2018); *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, 2018 WL 505089, at *2 (N.D. Ill. Jan. 22, 2018)("Local Rule 37.2 requires an in-person or telephonic meet and confer and cannot be satisfied by the exchange of emails."); *Geraci v. Andrews*, 2017 WL 1822290, at *1 (N.D. Ill. May 5, 2017) ("Local Rule 37.2 makes it plain that letters and emails don't count, and with good reason.").; *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. July 29, 2016)("The command in the rule could not be more explicit. Emails and letters are not enough under Rule 37.2.").

Moreover, the requirement of conferring in good faith has real meaning beyond oburately maintaining a position and refusing to negotiate as the parties' emails depict them doing here. *See,*

*e.g., Chicago Regal Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Sec. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("A single phone call in three months regarding a dispute that has engendered nearly 500 pages of briefs and exhibits doesn't come close to sufficing.").

Second, the Federal Rules of Civil Procedure dictate very limited circumstances in which a party my unilaterally terminate a deposition as the defendants did here. Under Fed.R.Civ.P. 30(d)(3), the defendants had to *file a motion* to terminate the November 5th deposition "*during the deposition*." Fed.R.Civ.P. 30(d)(3) (emphasis supplied). But, the defendants filed no such motion, not on November 5th; not on November 14th (when they were next before Judge Seeger [Dkt. #106]), not even on December 2nd, when they filed their motion to continue the deposition they had chosen to end, without leave of court. And even this came a month after they unilaterally terminated Mr. Carparelli's deposition. In order to suspend a deposition, an attorney should suspend the deposition, state the problems on the record, and apply to the court immediately. *See United States ex rel. Powell v. Am. Intercontinental Univ., Inc.*, 2013 WL 6490995, at *3 (N.D. Ill. Dec. 10, 2013); *NDK Crystal, Inc. v. Nipponkoa Ins*. Co., 2011 WL 43093 at *4 (N.D.Ill. Jan. 4, 2011). Although the immediacy requirement may be overlooked when the movant is pro se, *Powell,* 2013 WL 6490995, at *3; *Burnett v. City of Herrin*, 2011 WL 4007377 at *1 (S.D.Ill. Sept. 8, 2011), that is not the situation here. Defendants not only failed to act immediately, but that they waited until about ten days before discovery closed. The Motion is denied.

ENTERED: /s/ Jeff Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/20/19