## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD H. RUEBE, JEFFREY W. LEMAJEUR, VINCENT J. KWASNIEWSKI AND NEAL T. JAKEL, | ) ) ) ) | |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-01192 |
| BOTHNIA INTERNATIONAL INSURANCE COMPANY LIMITED, ANV CORPORATE NAME LIMITED, AXIS SPECIALTY EUROPE SE AND NAVIGATORS UNDERWRITING AGENCY LIMITED FOR AND ON BEHALF OF THE UNDERWRITING MEMBERS OF SYNDICATE 1221 AT LLOYD'S FOR THE 2014 YEAR OF ACCOUNT | ) ) ) ) ) ) ) ) ) ) ) | Hon. J. Steven C. Seeger  Hon. Mag. J. Jeffrey Cole |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

Plaintiffs Richard H. Ruebe, Jeffrey W. Lemajeur, Vincent J. Kwasniewski and Neal T. Jakel ("Plaintiffs"), and defendants Bothnia International Insurance Company Limited, and ANV Corporate Limited the Underwriting Member of ANV Syndicate 1861 at Lloyd's for the 2014 Year of Account (together, the "Second Layer Defendants") (collectively the "Parties"), by and through their counsel, hereby submit this Joint Status Report and state as follows in support thereof:

1. The above-captioned insurance coverage litigation is currently stayed by joint request of the parties and order of this Court pending completion of trial on remand in the Underlying Action.[1] On January 28, 2026, the parties submitted a joint status report advising that the trial court in the Underlying Action had entered its Opinion, Order & Judgment Relative to

---

[1] A full description of the procedural posture and stay rulings is set forth in the parties' prior status reports, including in the Joint Status Report filed on January 28, 2026 (Dkt. No. 271).

Counts I & III in the Underlying Action following completion of the bench trial on remand (the "Trial Court Verdict"), and for the claims asserted against the Individual Defendants in the Underlying Action (who in turn are the Plaintiffs in this insurance coverage case), the Court entered "Judgment in favor of the Individual Defendants [] as they have shown that they are exculpated from liability pursuant to the terms of the Operating Agreement." *See* Joint Status Report (Dkt. No. 271) (attaching Trial Court Verdict). The parties further advised that they were in the process of analyzing the Trial Court Verdict and conferring as to its impact on the Stay Order and the pending claims and defenses in this insurance coverage case, and requested leave to submit a further joint status report within thirty (30) days.

2. A further Joint Status Report was filed on February 24, 2026,[2] in which counsel for the parties advised that they were diligently working to confer with each other regarding the impact of the Trial Court Verdict on the Stay Order and the pending claims and defenses in this insurance coverage case – including as may be impacted by the additional trial on remand in the Underlying Action as to the claims against other defendants in that case that were subject to jury trial (which trial was set for March 9-20, 2026). In this filing, the parties requested leave to file a further joint status report on or before April 7, 2026. In accordance with this filing, the parties are submitting the enclosed status updates.

3. <u>Updates as to Underlying Action</u>: The parties hereby advise as to the following developments in the Underlying Action:

  a. During a pretrial hearing held on March 9, 2026 (in advance of the jury trial to be held as to claims against other defendants), the trial court in the Underlying

---

[2] This additional Joint Status Report was filed in accordance with the Court's minute entry order dated February 10, 2026 (Dkt. No. 272).

Action granted certain motions for summary judgment filed by those other defendants resulting in dismissal of those claims. On March 19, 2026, the Court entered a written order entitled "Final Judgment As To All Remaining Claims And Parties", which order confirmed entry of final judgment as to all claims before the trial court in the Underlying Action. A copy of the March 19, 2026 order entitled Final Judgment As To All Remaining Claims And Parties is attached hereto.

b. On March 27, 2026, plaintiffs filed a Notice of Appeal, and on March 31, 2026, plaintiffs filed an Amended Notice of Appeal (correcting a typographical error). In relevant part, the operative Amended Notice of Appeal includes appeal of the Trial Court Verdict entered in favor of the Individual Defendants in the Underlying Action (who in turn are the Plaintiffs in this insurance coverage case). A copy of the operative Amended Notice of Appeal is attached hereto.

4. Updates as to Parties' Meet/Confer on Next Steps in Insurance Coverage Case: The parties are continuing to diligently analyze and confer with each other regarding the impact of the developments in the Underlying Action on the Stay Order and the pending claims and defenses in this insurance coverage case, with results and requested next steps as follows:

a. The parties are in agreement that adjudication of this insurance coverage dispute remains applicable given the nature of the claims and requested relief at issue.[3]

---

[3] As detailed in the parties' pleadings, in this case Plaintiffs are seeking: (i) entry of a declaratory judgment order finding that the Second Layer Defendants have a duty to defend and indemnification obligations under the applicable Policy, including continued obligations in connection with the (now pending) appeal of the Trial Court Verdict; and (ii) recovery of defense costs/attorneys' fees incurred in the Underlying Action (which Plaintiffs contend are required to be paid by Second Layer Defendants under the Policy), plus an award of statutory bad faith penalties, attorneys' fees and costs in prosecuting this action.

3

b.  Plaintiffs have advised Second Layer Defendants that:  (i) it is Plaintiffs' position that this insurance coverage matter should proceed in light of the current status (i.e. the Stay Order should be lifted), and (ii) certain of the affirmative defenses pled by Second Layer Defendants are no longer viable in light of the Trial Court Verdict entered in their favor in the Underlying Action, and thus only certain affirmative defenses should remain for adjudication in this case.  Plaintiffs have requested that Second Layer Defendants advise as to their position on these matters in order for the parties to then confer on a procedure for next steps – including potential entry of an agreed order on matters of agreement, setting of a briefing schedule on matters as to which the parties disagree (if any), and entry of a scheduling order (which if the case proceeds, will include scheduling of a jury trial).

c.  Second Layer Defendants agree that the parties should confer as to these matters (as outlined above), and are diligently working to complete their analysis in order to advise Plaintiffs of their position on these issues. Second Layer Defendants require additional time, however, because their undersigned lead counsel is scheduled for an evidentiary hearing in one (unrelated) matter, and an arbitration trial in another unrelated matter, both out of town during April 2026. Moreover, client contacts for the Second Layer Defendants have been recently unavailable due to spring break and the Easter holidays in the United Kingdom.

d.  Based on meet and confer discussions held to date, the parties are hopeful that they will be able to reach agreement on certain matters (and at a minimum, the parties believe that they will be able to reach agreement on a proposed procedure

for addressing any matters of disagreement with the Court). The parties anticipate being able to complete this meet and confer process on or before May 5, 2026.

    e. Accordingly, the parties jointly request entry of an order from the Court providing for:

        i. The parties to complete the pending meet and confer process and file a further joint status report on or before May 5, 2026 advising as to the parties' recommendations for next steps in this litigation.

        ii. Scheduling of an in-person[4] status hearing to be held on May 7, 2026 or a date thereafter (with the parties deferring to the Court's preference as to scheduling of the specific date/time for such hearing), during which the parties will be able to confer with the Court as to the proposed recommendations for next steps – including considerations and procedure for potential scheduling of a jury trial and accompanying pretrial matters.

WHEREFORE, the parties respectfully request that the Court enter an order providing for (i) the parties to complete the pending meet and confer process and file a further joint status report on or before May 5, 2026, and (ii) scheduling of an in-person status hearing to be held on May 7, 2026 or a date thereafter (with the parties deferring to the Court's preference as to scheduling of the specific date/time for such hearing).

---

[4] Counsel for the parties believe that an in-person hearing would be helpful, but ultimately defer to the Court if it prefers for this status hearing to be held telephonically/remotely.

Dated:  April 7, 2026

Respectfully submitted,

By:  /s/  *Erik J. Ives*

Erik J. Ives (ARDC #6289811)
eives@foxswibel.com
Daniel A. Dorfman (ARDC #6286059)
ddorfman@foxswibel.com
Ashley K. Martin
amartin@foxswibel.com (ARDC # 6297126)
Fox Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, IL 60606

*Counsel for Plaintiffs Richard H. Ruebe,
Jeffrey W. Lemajeur, Vincent J.
Kwasniewski and Neal T. Jakel*

By: */s/  John C. Gekas*

John C. Gekas, Esq.
John.Gekas@saul.com
Amy S. Kline, Esq.
Amy.Kline@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
Tel: (312) 876-7864
Fax: (312) 876-7312

*Counsel for Defendants Bothnia
International Insurance Company Limited,
and ANV Corporate Name Limited the
Underwriting Member of ANV Syndicate
1861 at Lloyd's for the 2014 Year of
Account*

6

**APPEAL TO THE**
**APPELLATE COURT OF ILLINOIS**
**Fourth District**

**From the Circuit Court for the**
**Fifteenth Judicial Circuit of Ogle County, Illinois**

| | |
|---|---|
| FLOYD SCHULTZ, STANLEY BLUNIER, and BRAD RISKEDAL, individually and as class representatives on behalf of all of the minority unitholders of ILLINOIS RIVER ENERGY HOLDINGS, LLC, | ) ) ) ) ) ) **Trial Court Case No.:** |
| **Plaintiffs/Appellants,** | ) ) **2014 L 15** ) |
| v. | ) **Trial Judge:** ) **Honorable Russell A. Crull** |
| SINAV LIMITED, GTL RESOURCES USA, INC., GTL RESOURCES LIMITED, GTL RESOURCES PLC, SIEM KAPITAL, AS, NORTH ATLANTIC VALUE LLP, SIEM INDUSTRIES, INC., GTL CAMBRIDGE LLC, RICHARD H. RUEBE, JEFFREY W. LEMAJEUR, VINCENT J. KWASNIEWSKI, and NEAL T. JAKEL, | ) **Supreme Court Rule 303** ) ) ) ) ) ) ) ) |
| **Defendants/Appellees.** | ) ) |

**AMENDED NOTICE OF APPEAL**

This Amended Notice of Appeal amends the March 27, 2026 Notice of Appeal to correct the final judgment date in section 4 "State your relief." This appeal has been assigned number 04-26-0365 in the appellate court.

**1.     Type of Appeal:**

Appeal

**2.     Name of Each Person Appealing:**

Floyd Schultz, Stanley Blunier, and Brad Riskedal, individually and as class representatives on behalf of all of the minority unitholders of Illinois River Energy Holdings, LLC ("IREH"), Plaintiffs/Appellants

3.  List the date of every order or judgment you want to appeal:

- December 24, 2015 Order denying Plaintiffs' motion to compel non-party Seyfarth Shaw LLP ("Seyfarth") to produce subpoenaed documents for the time period when Seyfarth represented IREH while Plaintiffs were members of IREH, the Plaintiff class representatives were IREH Board Managers, and Mr. Riskedal was the duly elected IREH Board Secretary;

- February 19, 2025 ruling at hearing (order entered February 21, 2025) following remand granting Defendants' motion to bifurcate trial on Counts I and III from the jury trial mandated for Count VI and setting the bench trial on Counts I and III to occur before the jury trial on Count VI;

- July 18, 2025 Order granting in part the Motion *in Limine* of the Individual Defendants to Admit Testimony Regarding Communications with Attorney Suzanne Saxman (of Seyfarth);

- August 11-15, 18-22, 25, 2025 evidentiary rulings at the bench trial on Counts I and III allowing the Individual Defendants to testify regarding alleged hearsay statements and lack thereof from Ms. Saxman for which no underlying documents were ever produced and when Ms. Saxman was subpoenaed by the Individual Defendants to appear at trial but they did not call her as a witness;

- September 29, 2025 ruling (order entered October 2, 2025) granting the Investor and Merger Defendants' motion to continue the jury trial on Count VI until after the trial court entered its decision on Counts I and III following the bench trial;

- January 15, 2026 Opinion, Order & Judgment Relative to Counts I & III exculpating the Individual Defendants and setting a "fair value" of IREH as of February 22, 2012, based on testimony from a paid fact witness about an August 31, 2011 "fair market valuation" that did not reflect IREH's value as a going concern at the time of the squeeze-out transaction;

- February 3, 2026 Order (entered on February 19, 2026) granting the Investor Defendants' Motion *in Limine* No. 1 requiring the parties to be bound by the trial court's "fair value" determination at the jury trial scheduled for March 9, 2026;

- February 3, 2026 Order (entered on February 19, 2026) granting the Investor Defendants' Motion *in Limine* No. 2 limiting the evidence Plaintiffs could introduce at the jury trial relating to consequential damages;

- February 3, 2026 Order (entered on February 19, 2026) granting the Investor Defendants' Motion *in Limine* No. 3 prohibiting Plaintiffs from offering evidence or argument concerning disgorgement;

2

- February 20, 2026 Order (entered on March 13, 2026) granting Investor Defendants' Motion *in Limine* No. 4, prohibiting the parties from presenting evidence, argument, or testimony inconsistent with the findings in the Court's January 15, 2026 Opinion, Order & Judgment Relative to Counts I & III;

- February 20, 2026 Order (entered on March 13, 2026) granting Investor Defendants' Motion *in Limine* No. 5, precluding Plaintiffs' expert James Farrell from testifying on any subject at the jury trial scheduled for March 9, 2026;

- February 20, 2026 Order (entered on March 13, 2026) granting in part the Investor Defendants' Motion *in Limine* No. 6 precluding Plaintiffs' certified appraiser expert Gary Abdalla from testifying about his appraisal of IREH as a going concern as of February 22, 2012 at the jury trial scheduled for March 9, 2026;

- March 2, 2026 Order (entered on March 13, 2026) limiting the definition of pecuniary loss;

- March 2, 2026 Order (entered on March 13, 2026) granting the Investor Defendants' Motion *in Limine* No. 10 prohibiting Plaintiffs from presenting evidence or argument regarding the purchase price of Plaintiffs' units and regarding future distributions;

- March 2, 2026 Order (entered on March 13, 2026) granting the Investor Defendants' Motion *in Limine* No. 11 and Sinav and GTL Defendants' Motion in Limine No. 9 prohibiting Plaintiffs from presenting evidence or argument regarding Defendants' discovery violations;

- March 2, 2026 Order (entered on March 13, 2026) granting the Investor Defendants' Motion *in Limine* No. 15 prohibiting Plaintiffs from presenting evidence or argument regarding Defendants' escrow;

- March 2, 2026 Order (entered on March 13, 2026) granting the Investor Defendants' Motion *in Limine* Nos 15 and 20 requiring redaction of documents received in evidence (PXA 78 and PX 50) at previous trials so that the jury could not see the full content of those documents;

- March 9, 2026 Order granting the Investor and Merger Defendants' Motions for summary judgment on Count VI and calling off the jury trial on the eve of trial; and

- March 19, 2026 Final Judgment as to All Remaining Claims and Parties.

**4.     State your relief:**

- Vacate and reverse all the circuit court's rulings, orders and judgments that are inconsistent with the appellate court mandates and remand for all issues to be heard in one trial with consistent evidence to be presented at that one trial.

3

- Vacate and reverse all the appealed *in limine* and other orders identified above to:

  - allow Plaintiffs to present the same evidence to the jury that was received in evidence at the August 2025 bifurcated bench trial on Counts I and III;

  - allow the jury to make its own factual findings on the issues relating to Count VI;

  - allow Plaintiffs to present the testimony of their two experts Gary Abdalla and James Farrell to the jury;

  - allow the Plaintiffs to introduce evidence regarding what they paid for IREH units and regarding reasonably foreseeable future distributions;

  - allow the jury to determine appropriate tort damages based on the appellate court's directions;

  - allow the jury to consider Defendant's discovery violations for purposes of assessing punitive damages;

  - allow the jury to consider the amounts placed in escrow in connection with the 2014 transaction from which Defendants profited from selling IREH (through related companies);

  - allow the jury to receive unredacted versions of PXA78 and PX 50 that were received in evidence at the August 2025 bench trial;

- Reverse the circuit court's judgment exculpating the Individual Defendants (Messrs. Ruebe, Lemajeur, Kwasniewski and Jakel) and enter judgment against them holding them personally liable for damages.

- Alternatively, reverse the circuit court's judgment exculpating the Individual Defendants, reverse the circuit court's order denying Plaintiffs' motion to compel production of Seyfarth's documents, order their production, and remand the issues relating to exculpation of the Individual Defendants for determination at the combined bench and jury trial requested above.

- Vacate and reverse the circuit court's damage determination and judgment against GTL Resources USA and remand for a new determination of damages based on Delaware law and equitable principles, including a "fairer" price, rescissory damages, and disgorgement as a component of rescissory damages.

4

- Vacate and reverse the summary judgment entered by the circuit court for the Count VI defendants on the eve of the jury trial and remand Count VI for a jury trial.

- Vacate and reverse the final judgment entered on March 19, 2026 and remand the case with further guidance consistent with the appellate court's opinion.

- Any and all further relief that the appellate court deems just and proper.

Dated: March 31, 2026

FLOYD SCHULTZ, STANLEY BLUNIER, and BRAD RISKEDAL, individually and as class representatives on behalf of all of the minority unitholders of ILLINOIS RIVER ENERGY HOLDINGS, LLC

By: /s/ Terrence P. Canade
One of Their Attorneys

Terrence P. Canade
(212) 440-4408
terrence.canade@bipc.com
Keith D. Parr
(312) 261-8733
keith.parr@bipc.com
Jacob C. Britz
(312) 261-8744
jacob.britz@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
150 N. Riverside Plaza, Suite 2800
Chicago, IL 60606

*Attorneys for Plaintiffs/Appellants*

**GETTING COURT DOCUMENTS BY EMAIL:** If you agree to receive court documents by email, check the box below and enter your email address. You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information or notice of court dates. Other parties may still send you court documents by mail.

X | I agree to receive court documents at this email address during my entire case.

terrence.canade@bipc.com
keith.parr@bipc.com
jacob.britz@bipc.com

5

## PROOF OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above **AMENDED NOTICE OF APPEAL** was served on the parties at the addresses listed below:

David E. Koropp
Ashley Martin
L. Brandon Liss
Madelyn Peterson
FOX SWIBEL LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
(312) 224-1200
*dkoropp@foxswibel.com*
*amartin@foxswibel.com*
*bliss@foxswibel.com*
*mpeterson@foxswibel.com*

Thomas K. Cauley, Jr.
Cauley Law Group LLC
521 Morris Lane
Hinsdale, IL 60521
(312) 493-8970
*tom@cauleylawgroup.com*

Attorneys for Defendants Richard H. Ruebe, Jeffrey W. Lemajeur, Vincent J. Kwasniewski, and Neal T. Jakel

Monte L. Mann
Joshua E. Liebman
Armstrong Teasdale LLP
100 North Riverside Plaza
Chicago, IL 60606
*mmann@atllp.com*
*jliebman@atllp.com*

Attorneys for Defendants Siem Kapital, AS, North Atlantic Value LLP, and Siem Industries, Inc.

Charles K. Maier
Brian A. Dillon
Brooke F. Robbins
LATHROP GPM LLP
3100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
*Charles.Maier@LathropGPM.com*
*Brian.Dillon@LathropGPM.com*
*Brooke.Robbins@LathropGPM.com*

Paul E. Chadwick
FEARER, NYE & CHADWICK
420 Fourth Avenue
Rochelle, IL 61068
*paul@fnclaw.com*

Attorneys for Defendants SINAV Limited, GTL Resources USA, Inc., GTL Resources Limited, GTL Resources PLC, and GTL Cambridge LLC

by causing a true and correct copy thereof to be transmitted via email on this 31st day of March, 2026.

/s/Terrence P. Canade
Terrence P. Canade

6

**I certify that everything in the Proof of Service is true and correct.  I understand that making a false statement on this form is perjury and has penalties provided by law under <u>735 ILCS 5/1-109</u>.**

<u>/s/Terrence P. Canade   </u>
Terrence P. Canade

COPY

**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT**
**OGLE COUNTY, ILLINOIS**

FLOYD SCHULTZ, STANLEY BLUNIER, and )
BRAD RISKEDAL, individually and as class )
representatives on behalf of all of the minority )
unitholders of ILLINOIS RIVER ENERGY )
HOLDINGS, LLC, )
      Plaintiffs, )
       )
vs. )
       )    Case No. 2014 L 15
SINAV LIMITED, GTL RESOURCES USA, )
INC., GTL RESOURCES LIMITED, GTL )
RESOURCES PLC, SIEM KAPITAL, AS, )
NORTH ATLANTIC VALUE LLP, SIEM )
INDUSTRIES, INC., GTL CAMBRIDGE LLC, )
RICHARD H. RUEBE, JEFFREY W. )
LEMAJEUR, VINCENT J. KWASNIEWSKI, )
and NEAL T. JAKEL, )
               Defendants. )

**FILED**

MAR 1 9 2026

*Kimberly ? Hall*
CLERK OF THE CIRCUIT COURT
OGLE COUNTY

## FINAL JUDGMENT AS TO ALL REMAINING CLAIMS AND PARTIES

This cause coming to be heard, on March 9, 2026, for: (a) argument and ruling on The Investors' Motion for Summary Judgment on Plaintiffs' Count VI for Tortious Interference with Contract; (b) argument and ruling on Sinav's and the GTL Entities' Motion for Summary Judgment on Plaintiffs' Count VI for Tortious Interference with Contract; and, if necessary (c) jury trial on Plaintiff's Count VI for tortious interference with contract; after the Court had previously completed several portions of this action (specifically including, but not limited to pretrial Motions relative to Count VI); and after the Court concluded all proceedings concerning Counts I and III; due notice having been given; counsel for all parties being present; and the Court being fully advised.

IT IS HEREBY ORDERED that final judgment is entered in this matter as follows:

1. <u>As to Count I</u> (Breach of LLC Agreement) against the Individual Defendants: After trial before the Court regarding exculpation, partial judgment was entered on January 15, 2026 in

1



COPY

favor of Defendants Richard H. Ruebe, Jeffrey W. Lemajeur, Vincent J. Kwasniewski, and Neal T. Jakel and against the Plaintiff class, as further described in the Court's January 15, 2026 Opinion, Order & Judgment Relative to Counts I & III;

2. <u>As to Count III</u> (Breach of Fiduciary Duties) against Defendant GTL Resources, USA, Inc.: after trial before the Court regarding damages, partial judgment was entered on January 15, 2026 in favor of the Plaintiff class and against Defendant GTL Resources USA, Inc. in the amount of $11,960,356.75, which includes prejudgment interest through March 19, 2026, as further described in the Court's January 15, 2026 Opinion, Order & Judgment Relative to Counts I & III;

3. <u>As to Count VI</u> (Tortious Interference with Contract) against the Sinav/GTL entity Defendants and the Investor Defendants: On March 9, 2026, the Court granted the Sinav/GTL Defendants' and the Investors' respective motions for summary judgment for the reasons articulated on the record, and therefore enters judgment in favor of Defendants SINAV Limited, GTL Resources Limited, GTL Resources PLC, GTL Cambridge LLC, Siem Kapital AS, Harwood Capital LLP f/k/a North Atlantic Value LLP, and Siem Industries, Inc. and against the Plaintiff class;

4. Each party to bear their own costs and fees as to all Counts; and

5. All matters having now been adjudicated, this is a final appealable judgment on Counts I, III, and VI against all parties for the purposes of Illinois Supreme Court Rule 301.

DATED: 3/19/26

_____
Judge

2

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 7, 2026, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

*/s/  Erik J. Ives*